UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 22 A 11: 16

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| BOUNTY FONTENOT | CIVIL ACTION NO: |
| VERSUS | JUDGE  05-6670 |
| JOHN ADAMS & BLANCHARD'S CONTRACTORS, INC. AND/OR BLANCHARD CONSTRUCTION COMPANY, INC. | MAGISTRATE JUDGE  SECT. J MAG. 1 |

**COMPLAINT FOR DAMAGES
UNDER THE GENERAL MARITIME LAW**

The Petition of Bounty K. Fontenot, a resident and full age of majority of the Parish of Lafayette, Louisiana respectfully represents as follows:

1.

Jurisdiction is proper in this Court under the Admiralty and General Maritime Laws of the United States of America, and 28 U.S.C. 1333 as more fully appears hereafter.

2.

Alternatively, Jurisdiction is proper pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. 1333 et seq. and applicable Federal Laws.

**Rule 9H Designation:**

3.

Petitioner designates this claim as an admiralty or maritime claim under Rule 9H and the general maritime laws and to be tried without the benefit of a jury trial.

✓ Fee 250.
___ Process_____
X Dktd_____
___ CtRmDep____
___ Doc. No.____

4.

At all times hereinafter mentioned, Defendant, Blanchard Contractor's, Inc. and/or Blanchard Construction Company, Inc. was and still is a Louisiana Corporation authorized to do and doing business of the State of Louisiana, with its registered office listed in Jefferson Parish, Louisiana.

5.

At all times pertinent hereto, Defendant, John Adams is believed to be a domiciliary resident of the State of Louisiana.

6.

On or about December 26, 2004, Bounty K. Fontenot was an employee of Production Management Industries, LLC working as a production operator assigned to the Mobile Offshore Production Unit 8 (MOPU-8) off the coast of Louisiana in South Timbalier Block 41 B on Outer Continental Shelf in the Gulf of Mexico.

7.

At all times pertinent hereto, the MOPU-8 was a vessel on navigable waters on the Outer Continental Shelf off the Coast of Louisiana.

8.

Alternatively, the MOPU-8 was a platform pursuant to the OCSLA, 43 USC 1333 et seq., temporarily affixed to the Outer Continental Shelf, as these terms defined in 43 USC 1333 et seq.

9.

At all times pertinent hereto, Bounty K. Fontenot was permanently assigned to the MOPU-8 as a production operator.

10.

At all times pertinent hereto, John Adams was an employee of Blanchard Contractor's, Inc. and/or Blanchard Construction Company, Inc., on board the MOPU-8 off the coast of Louisiana on the Outer Continental Shelf in the Gulf of Mexico, working on a construction crew.

11.

On December 26, 2004, a discussion occurred between Bounty Fontenot and John Adams concerning Adams' desire to go home because of his discontent over work he was performing aboard the MOPU-8.

12.

During the discussion and without justification, John Adams assaulted Bounty K. Fontenot, throwing him down on the deck of the vessel and striking him about the head and face.

13.

The fault of John Adams include, but is not limited to :

a) Pushing and striking Bounty Fontenot without justification;

b) Intentionally inflicting injuries to Bounty Fontenot.

14.

As a result of the aforesaid incident, Bounty K. Fontenot suffered injuries including bruises to his face and arms and injury to his knee, which resulted in multiple surgeries and permanent restrictions and impairment to the knee.

15.

At all times pertinent hereto, John Adams was working in the course and scope of his employment with Blanchard Contractors, Inc. and/or Blanchard Construction Company, Inc. thereby making Blanchard Contractors, Inc. and/or Blanchard Construction Company, Inc. vicariously liable for the acts of their employee, John Adams.

16.

Blanchard Contractors, Inc. and/or Blanchard Construction Company, Inc. was negligent for failing to properly supervise John Adams and for leaving John Adams on the MOPU-8, without proper supervision.

17.

Upon information and belief, Blanchard Contractors, Inc. and/or Blanchard Construction Company, Inc. knew of John Adam's propensities for assault and battery and vicious tendencies and failed to warn Bounty Fontenot or others aboard the MOPU-8 and left John Adams aboard the MOPU-8 without proper supervision, all of which constitutes fault, negligence or strict liability.

18.

John Adam's actions of assaulting and battering Bounty Fontenot were in reckless and callous disregard of, and in indifference to the rights of Bounty

Fontenot and Bounty Fontenot is entitled to punitive damages for such actions. Blanchard Contractors, Inc. and/or Blanchard Construction Company, Inc. is viciously liable for same.

19.

Bounty K. Fontenot did not provoke nor initiate the assault or attack.

20.

Bounty K. Fontenot itemizes his damages as follows:

A. Past, present and future loss wages and/or wage earning capacity;

B. Past, present and future medical expenses;

C. Past, present and future pain, mental anguish, disability, impairment and loss of enjoyment of life.

D. Punitive/Exemplary Damages.

21.

By reason of the said incident and the legal fault, negligence, and the omission of duty on the part of Defendants, John Adams and Blanchard Contractor's, Inc. and/or Blanchard Construction Company, Inc., and the intentional acts of John Adams, Plaintiff, Bounty Fontenot, suffered injuries as described herein and permanent injuries to his knee and it is likely that he will continue to suffer physical pain, mental anguish, loss of enjoyment of life, loss of income and disability and punitive or exemplary damages. He has also incurred medical expenses for necessary medical care and treatment of said injuries and he has and will suffer a loss of earnings and loss of earning capacity, all in the sum of not less than $750,000.00, and Bounty Fontenot is entitled to recover

from Defendants pursuant to the Admiralty and General Maritime Laws of the United States of America.

22.

Alternatively, and as a second cause of action, Bounty Fontenot is entitled to recover the aforesaid damages for the acts described herein, including the negligence, intentional acts, and fault of the Defendants. Pursuant to the OCSLA, 43 USC 1333 et seq. pursuant to the laws applicable thereto, including the laws of the State of Louisiana.

WHEREFORE, Plaintiff prays that the Defendants, John Adams and Blanchard Contractor's, Inc. and/or Blanchard Construction Company, Inc. be served of a copy of this complaint for damages and be duly cited to appear and answer herein;

That after the lapsed of all legal delays and due proceedings had, there be judgment herein and in favor of Plaintiff and against the Defendants for the full sum of $750,000.00, together with judicial interest thereon and for all costs of these proceedings.

Respectfully submitted:

_____
W. ALAN LILLEY (#01180)
Goforth & Lilley, PLC
109 Stewart Street
Lafayette, Louisiana 70501
(337) 237-5777
(337) 232-0786 Fax
Attorney for Bounty Fontenot

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

05-6670

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bounty Fontenot

### DEFENDANTS
John Adams and Blanchard's Contractors, Inc. and/or Blanchard Construction Company, Inc.

(b) County of Residence of First Listed Plaintiff: **Lafayette**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
W. Alan Lilley   337-237-5777
109 Stewart Street, Lafayette, La. 70501

Attorneys (If Known)

SECT. J MAG. 1

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: General Maritime Law Claim for negligence and intentional tort

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: 12/20/05

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____