```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BOUNTY FONTENOT                              CIVIL ACTION

VERSUS                                       NO: 05-6670

JOHN ADAMS, ET AL.                           SECTION: J(1)
```

**ORDER AND REASONS**

Before the Court is **Defendant Blanchard Contractors, Inc.'s Motion for Partial Summary Judgment on the Issue of Vicarious Liability (Rec. Doc. 19)**. The motion, which was opposed, was set for hearing on January 31, 2007, without oral argument. Having reviewed the motion, the memoranda of counsel, and applicable law, the Court finds that this motion should be denied.

**Background:**

On December 26, 2004, Plaintiff Bounty Fontenot, an operator employed by Production Management, Inc. ("PMI") was assigned to the MOPU VIII, a movable jack up drilling vessel. That day, Plaintiff was working with a co-worker, Chris Pugh, to build shelves for a storeroom when he overheard an argument between Pugh and Defendant John Adams, an employee of Blanchard Contractor's Inc. ("Blanchard"), who was also working on the

vessel. Plaintiff intervened in this argument. Plaintiff, who is a white male, called Adams, who is a black male, a "boy". Adams then pushed Plaintiff to the deck of the vessel, injuring him in the process.

Plaintiff sued Adams and Blanchard asserting that Blanchard is liable to him for the acts of its employee, Adams, on the basis of vicarious liability.

**The Arguments of the Parties:**

Blanchard asserts that because Plaintiff's injuries resulted from a physical altercation, vicarious liability does not attach because Adams was acting for purely personal reasons that were entirely extraneous to its interests as the employer. Thus, Blanchard claims Adams was not acting within the course and scope of his employment. Blanchard cites Stoot v. D&D Catering Service, Inc., 807 F.2d 1197 (5th Cir. 1987). In Stoot, two individuals employed by different companies got into a fight aboard a jack up drilling rig. The fight began after one employee used profanity towards another, who then slashed the hand of the profanity-user with a knife. The Fifth Circuit upheld the district court's determination that the knife-user's employer was not vicariously liable for the knife-user's conduct because her actions were motivated by anger (resulting from the use of profanity) and were, thus, unrelated to her employment.

Blanchard also cites Offshore Logistics, Inc. v. Astro-Marine, Inc., 482 F. Supp. 1119 (E.D. La. 1980), wherein a

fight broke out between two vessel captains over a bottle of wine. There was deposition testimony that one of the individuals harbored a hostility towards the other. The Court determined that the employer was not vicariously liable because the employee's "fistic brawl against a background of racial or nationalistic antagonisms" was unrelated to employment or the employer's interests. Similarly, Blanchard argues that the fight that occurred between Plaintiff and Adams was entirely unrelated to Adams' employment or Blanchard's interests. Thus, Blanchard contends that the vicarious liability claims of Plaintiff should be dismissed.

In opposition, Plaintiff claims that the argument between Pugh and Adams that he intervened in, which ultimately resulted in him being injured, concerned the performance of a job aboard the MOPU VIII. Plaintiff contends that the argument resulted from Adams not wanting to perform the task that he had been assigned, specifically - the job of pumping water from one of the jack-up legs with a Shop-Vac. Plaintiff, thus, claims that the episode was entirely employment related, and involved an argument about an assigned job task at work. Thus, Plaintiff contends that Blanchard's request for summary judgment should be denied.

**Discussion:**

**Summary Judgment Standard**:

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[1] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

**Vicarious Liability Law:**

Both parties agree that the result will be the same whether this matter is analyzed under general maritime law or under state law. Accordingly, this Court does not address this issue further.

The Louisiana Supreme Court's decision in LeBrane v. Lewis, 292 So.2d 216 (La. 1974) sets forth the following factors that should be analyzed when determining the vicarious liability of an employer:

(1) was the tortious conduct primarily employment rooted;

(2) was the violence reasonably incidental to the performance of the employee's duties;

(3) did the act occur on the employer's premises; and

(4) did the act occur during the hours of employment.

In 1996, the Louisiana Supreme Court decided Baumeister v. Plunkett, 673 So.2d 994 (1996), and held that a hospital was not vicariously liable for the sexual battery committed by one of its supervisors upon a co-worker during working hours on the

---

[1] The Court notes that Blanchard did not attach a separate statement of uncontested material facts to his motion, as required by Local Rule 56.

hospital's premises. The Baumeister court determined that all four of the above factors do not necessarily have to be met before liability may be found. Id. (citing Miller v. Keating, 349 So.2d 265, 268 (La. 1977)). The court also noted that an employer is not vicariously liable merely because his employee commits an intentional tort on the employer's premises during working hours, but the particular facts of each case should be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. Id. (citing Scott v. Commercial Union Ins. Co., 415 So.2d at 329.) The Louisiana Supreme Court explained that:

> The course and scope of employment test refers to time and place. The scope of employment test examines the employment-related risk of injury. In fact, this court has held that in order for an employer to be vicariously liable for the tortious acts of its employee the "tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest."

Baumeister, at 996.

**Analysis**:

In this case, the altercation that allegedly resulted in injuries to Plaintiff clearly occurred in the workplace (on the MOPU VIII) during work hours. Thus, the third and fourth factors set forth in LeBrane are clearly met. The Court must therefore determine if Adams' conduct was primarily employment rooted and reasonably incidental to the performance of Adams' duties.

Here, Plaintiff contends that the fight which resulted in

his injuries was employment rooted.  In fact, Plaintiff contends that the dispute arose over Adams' refusal to carry-out an assigned job task.  On the other hand, Blanchard contends that Adams' conduct resulted from his anger over Plaintiff's use of the word "Boy" to address him.  A similar issue presented itself in the <u>Stoot</u> case.  There, the Fifth Circuit admitted that it was " a close case"; however, it determined that the district court "was entitled to find" that the aggressor was motivated to harm the plaintiff because of a profane comment made to him by the plaintiff - not because of reasons relating to employment.  807 F.2d at 1200.  Here, this Court finds that a jury could reasonably conclude that the entire dispute arose over Adams' work assignment - and was not motivated by purely personal considerations in response to Plaintiff's "boy" comment. Contrary to the facts in the <u>Offshore Logistics</u> case, here there was no pre-existing hostility between Plaintiff and Adams before the fight.  This only serves to reinforce the Court's conclusion that it would be reasonable to conclude that the dispute that spawned Plaintiff's injuries arose over Adams' discontent with his work assignment.   Thus, this is a determination that must be made by the trier of fact at the conclusion of all testimony. The issue of Blanchard's vicarious liability for the alleged intentional torts of Adams must be left for a trial on the merits.  Accordingly,

**IT IS ORDERED** that the **Defendant Blanchard Contractors, Inc.'s Motion for Partial Summary Judgment on the Issue of Vicarious Liability (Rec. Doc. 19)** should be and is hereby

**DENIED**.

New Orleans, Louisiana this 12th day of February, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE